# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LASHAUNNA AIKENS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 16-395 |
| ) | |
| v. ) | Judge Cathy Bissoon |
| ) | |
| WESTERN PSYCHIATRIC INSTITUTE ) | |
| AND CLINIC OF UPMC, ) | |
| ) | |
| Defendant. ) | |

## ORDER OF DISMISSAL

Having been granted leave to proceed *in forma pauperis* ("IFP"), Plaintiff is subject to the screening provisions in 28 U.S.C. § 1915(e). *See* Atamian v. Burns, 2007 WL 1512020, *1-2 (3d Cir. May 24, 2007) ("the screening procedures set forth in [Section] 1915(e) apply to [IFP] complaints filed by prisoners and non-prisoners alike") (citations omitted). Among other things, that statute requires the Court to dismiss any action in which subject matter jurisdiction is lacking and/or the plaintiff has failed to state a claim upon which relief may be granted. *See* Muchler v. Greenwald, 624 Fed. Appx. 794, 796-97 (3d Cir. Aug. 18, 2015).

Plaintiff's Complaint does not identify a source of subject matter jurisdiction. *See id.* (Doc. 4) at ¶ II (form complaint, with boxes stating "[f]ederal question" and "[d]iversity of citizenship" left unchecked). A lack of diversity-of-citizenship is apparent on the face of the Complaint. *Compare id.* at ¶ II.B.1 (Plaintiff is citizen of Pennsylvania) *with id.* at ¶ II.B.2.b (Defendant also citizen of Pennsylvania). Thus, the only possible basis for jurisdiction is federal-question.

The sum total of Plaintiff's substantive allegations are as follows:

> On Dec[ember] 26, 2015[,] I was admitted to [Defendant's facility].
> Upon admission[,] I signed my patients rights thus the employee threw them out.
> [sic] Next I was diagnos[ed] and prescribed medication without a[n] order for
> [word illegible]. Then my project-housing Security was present for my court
> hearing, but the University of Pittsburgh's Security had served me with
> documentation.

*Id.* at ¶ III; *see also id.* at ¶ II.B.3 (claiming, on these allegations alone, that the amount in controversy is $5 million).

Assuming Plaintiff purports to bring a civil-rights case under Section 1983, her allegations fail to plausibly establish either of the central tenets addressed in that statute, namely, (1) a violation of federal constitutional or statutory rights, (2) resulting from action taken under the color of state law. *See* <u>Elmore v. Cleary</u>, 399 F.3d 279, 281 (3d Cir. 2005). Otherwise, the Court can fathom no plausible federal claim.

Accordingly, Plaintiff's action is **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B). Given the nature of Plaintiff's claims, amendment of her pleadings would be futile, and, therefore, the dismissal is **WITH PREJUDICE**. *See* <u>Muchler</u> at 799 (applying futility standard within context of Section 1915(e), and affirming dismissal with prejudice).

Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order of Dismissal would not be taken in good faith.

IT IS SO ORDERED.


April 19, 2016                                           s\Cathy Bissoon
                                                                                        Cathy Bissoon
                                                                                        United States District Judge

cc (via First-Class U.S. Mail):

LaShaunna Aikens
2340 East Hill Drive, Apt. #13
Pittsburgh, PA 15221